KLIEBERT, Judge.
The Parish of Jefferson filed a summary action against the Jefferson Society for the Prevention of Cruelty to Animals (JSPCA) to enjoin them from:
(1) Operating an animal shelter in Jefferson Parish;
(2) Using the term “Jefferson” in its name;
(3) Actively picking up stray, abandoned, unwanted and allegedly abused animals;
(4) The unlawful adopting out of animals without first obtaining them from the Jefferson Parish Animal Shelter with the approval of its director and the Jefferson Parish Council;
(5) Holding and retaining custody or taking of any animals and that they be ordered to release to the Jefferson Parish Animal Shelter any such animals presently in its possession;
all as itemized in Paragraph XI of the Parish’s petition. The JSPCA filed an exception of no right of action and an answer simultaneously.
After hearing oral arguments (not contained in the record) and receiving stipulations of the litigants, the trial judge found the JSPCA had been recognized by the Jefferson Parish Council as a humane organization as required by Section 4-11(18) of the Jefferson Parish Code of Ordinances and, accordingly, dismissed the plaintiff’s *652 demand contained in parts (1), (4) and (5) above itemized and dismissed the exception of no cause of action insofar as it was directed towards parts (2) and (3) above itemized.
Originally neither the plaintiff nor the defendant filed briefs. Following the date of the scheduled hearing, motions to be allowed to file briefs were filed. In the brief accompanying the Parish’s motion, it urged error in that the trial judge: (1) ruled on a peremptory exception of no cause of action filed simultaneously with the answer without first having a hearing on the merits, all in violation of C.C.P. Article 929; and (2) considered exhibits attached to the petition in ruling on the exception of no cause of action, in violation of C.C.P. Article 931. For the reasons hereafter stated, we affirm the trial judge’s ruling.
The record reveals that the parties agreed to allow the trial judge to rule on the exception of no cause of action as a matter of law prior to considering any evidence. Likewise, after the court ruled on the exception of no cause of action as agreed to by the litigants, the parties entered into a joint stipulation permitting the trial judge to deny plaintiff’s injunction with respect to items (1), (4) and (5) and reserved the Parish’s right to appeal the trial judge’s legal conclusion on the exception of no cause of action and to subsequently bring in evidence bearing on its request for an injunction as to items (2) and (3).
Notwithstanding the stipulation, on appeal the Parish makes no effort to urge error as to the trial court’s legal conclusion. Rather, it urges error in the trial judge’s manner of proceeding, i.e., considering the exception of no cause of action prior to the merits of the suit and considering exhibits attached to the petition in making his conclusion on the exception.
By agreeing to the court’s suggested method of proceeding, the Parish waived any objections it may have had to the method of proceeding. Further, in view of the joint stipulation, the judgment appealed from was in essence a consent judgment reserving to the Parish the right to appeal only the validity of the trial court’s legal conclusion which led' it to grant the exception of no cause of action. The Parish has made no effort to urge error on the only issue which it could raise on the appeal.
Therefore, we affirm the trial court’s judgment and remand the case for the same to proceed in accordance with that judgment.
Each party is to bear his cost of the appeal.
AFFIRMED AND REMANDED.